IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. JOE LIOTINE, individually, <br><br> Plaintiff, <br><br> vs. <br><br> CDW GOVERNMENT, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 05-33 DRH <br><br> **31 U.S.C. § 3730(b)(2)-(3)** |

## ANSWER AND DEFENSES

## COUNT I

### False Claims Act 31 U.S.C. § 3729(a) and (2)

1.   The allegations of paragraph 1 contain conclusions of law to which no response is required. To the extent any of the allegations in paragraph 1 may be deemed allegations of fact, they are denied.

2.   Admit.

3.   Deny.  Aver that Defendant is a wholly-owned subsidiary of CDW Corporation, and not CDW Corporation, Inc.

4.   Admit the allegations of the first sentence of paragraph 4. The allegations in the second sentence of paragraph 4 contain conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

5.   The allegations in paragraph 5 contain conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, they are denied. Defendant transacts business in the Southern district of Illinois.

6. Deny the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

7. Deny. Aver that Relator was employed by Defendant from March 27, 1997 to July 2, 2001. His positions with Defendant were as a Customer Service Rep, TSG Representative, and as an Account Manager.

8. Deny the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as the terms "fill", "requests" and "regular government offices" are vague and unclear. Aver that Relator, as a sales representative, received purchase orders from Federal agency procurement offices.

9. Deny.

10. The allegations contained in the first sentence of paragraph 10 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Deny the allegations in the second sentence of paragraph 10.

11. The allegations in paragraph 11 contain conclusions of law and Relator's characterization of this action to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

12. The allegations in paragraph 12 are conclusions of law or Relator's characterization of this action, and no response is required. To the extent they may be deemed allegations of fact, they are denied.

13. The allegations in paragraph 13 are conclusions of law or Relator's characterization of this action, and no response is required. To the extent they may be deemed allegations of fact, they are denied.

14. Admit the allegations in sentence 1 of paragraph 14 except deny that GSA "awards" the Federal Supply Schedules ("FSS") Program. Defendant denies the allegations in

sentences 2 and 3 of paragraph 14 and respectfully refers the Court to the referenced GSA FSS contracts as the best evidence of their contents.

15. Defendant denies the allegations in paragraph 15 and respectfully refers the Court to the referenced GSA FSS contracts as the best evidence of their contents.

16. Defendant denies the allegations in paragraph 16 and respectfully refers the Court to the referenced GSA FSS contracts as the best evidence of their contents.

17. Defendant denies the allegations in paragraph 17 and respectfully refers the Court to the Federal Acquisition Regulation ("FAR"), 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content.

18. Defendant denies the allegations in paragraph 18 and respectfully refers the Court to the FAR 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

19. Defendant denies the allegations in paragraph 19 and respectfully refers the Court to the FAR 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

20. The allegations in paragraph 20 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 20 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content, and to contracts awarded under the FSS Program as the best evidence of their content. Deny the allegations that GSA awards contracts on the basis "most favored customer" pricing.

21. The allegations in paragraph 21 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 21 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content.

22. The allegations in paragraph 22 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 22 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content.

23. The allegations in paragraph 23 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 23 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content.

24. The allegations in paragraph 24 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 24 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

25. The allegations in paragraph 25 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 25 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4

and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

26. The allegations in paragraph 26 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 26 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

27. The allegations in paragraph 27 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 27 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

28. The allegations in paragraph 28 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 28 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

29. The allegations in paragraph 29 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 29 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4

and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.  Aver that terms and conditions in a GSA FSS contract BPA may differ from those in the FSS contract.

30. The allegations in paragraph 30 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 30 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

31. The allegations in paragraph 31 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 31 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

32. The allegations in paragraph 32 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 32 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

33. The allegations in paragraph 33 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the

allegations in paragraph 33 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

34.     The allegations in paragraph 34 contain conclusions of law to which no response is required.  To the extent that they are deemed allegations of fact, Defendant denies the allegations in paragraph 34 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4, 48 C.F.R., Subpart 47.3 (to the extent made applicable by the FSS contracts), and the GSA FAR Supplement, 48 C.F.R., Part 800 et seq., and, to contracts awarded under the GSA FSS Program as the best evidence of their content.

35.     The allegations in paragraph 35 contain conclusions of law to which no response is required.  To the extent that they are deemed allegations of fact, Defendant denies the allegations in paragraph 35 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4, 48 C.F.R., Subpart 47.3 (to the extent made applicable by the FSS contracts), and the GSA FAR Supplement, 48 C.F.R., Part 800 et seq., and, to contracts awarded under the GSA FSS Program as the best evidence of their content.

36.     The allegations in paragraph 36 contain conclusions of law to which no response is required.  To the extent that they are deemed allegations of fact, Defendant denies the allegations in paragraph 36 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4, 48 C.F.R., Subpart 47.3 (to the extent made applicable by the FSS contracts), and the GSA FAR Supplement, 48 C.F.R., Part 800 et seq., and, to contracts awarded under the GSA FSS Program as the best evidence of their content.

37.     The allegations in paragraph 37 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the

allegations in paragraph 37 and respectfully refers the Court to its contracts awarded under the GSA's FSS Program, and the orders placed thereunder, which are the best evidence of their content.

      38.     The allegations in paragraph 38 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 38 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to Defendant's contracts awarded under the FSS Program, and the orders placed thereunder, as the best evidence of their content.   Aver that GSA FSS contracts may contain a variety of shipping terms and conditions depending, *inter alia*, upon an offeror's proposal, negotiations by the parties, etc.

      39.     The allegations in paragraph 39 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 39 and respectfully refers the Court to the FAR, 48 C.F.R., Subpart 8.4 and the GSA FAR Supplement, 48 C.F.R., Part 500, et seq. as the best evidence of the FSS Program's content and to contracts awarded under the FSS Program as the best evidence of their content.

      40.     The allegations in paragraph 40 contain conclusions of law to which no response is required.  To the extent they are deemed allegations of fact, Defendant denies the allegations in paragraph 40 and respectfully refers the Court to its contracts awarded under the GSA's FSS Program, and the orders placed thereunder, which are the best evidence of their content.  Defendant avers that its original GSA FSS Contract was awarded in 1999.

      41.     Deny.

      42.     Deny.

43. Deny.

44. Deny.

45. No response is required to paragraph 45 because the allegations is so vague and ambiguous that its intended meaning can not be ascertained. To the extent further response is deemed required, Defendant denies the allegations in Paragraph 45.

46.a. Deny.

46.b. Deny.

46.c. Deny.

47. No response is required to paragraph 47 because the allegations are so vague and ambiguous that its intended meaning cannot be ascertained. To the extent further response is deemed required, Defendant denies the allegations in Paragraph 47.

48. Deny.

49. No response is required to paragraph 49 because the allegations is so vague and ambiguous that its intended meaning can not be ascertained. To the extent further response is deemed required, Defendant denies the allegations in Paragraph 49.

50. No response is required to paragraph 50 because the allegations is so vague and ambiguous that its intended meaning can not be ascertained. To the extent further response is deemed required, Defendant denies the allegations in Paragraph 50.

51. Deny.

52. Deny.

53. The allegations in paragraph 53 contain conclusions of law to which no response is required. To the extent they are deemed allegations of fact, Defendant respectfully refers the Court to its contracts awarded under the GSA's FSS Program, and the orders placed thereunder, which are the best evidence of their content.

54. Admit that Defendant charged, in accordance with the terms of its GSA FSS contracts, a shipping price on certain types of transactions.

55. Deny.

56. No response is required to paragraph 56 because the allegation is so vague and ambiguous that its intended meaning can not be ascertained. To the extent further response is deemed required, Defendant denies the allegations in Paragraph 56.

57. Deny.

58. Deny.

59. Admit that not all shipping options were available for all geographic areas of the United States and its territories. Deny the remainder of the allegations in paragraph 59.

60. Deny.

61. Deny.

62. Deny.

63. This is a conclusion of law to which no response is required, however to the extent that it is deemed to be an allegation of fact, Defendant respectfully refers the Court to its contracts awarded under the GSA FSS Program and its contract with the U.S. Mint as the best evidence of their contents.

64. The allegations in paragraph 64 contain conclusions of law to which no response is required. To the extent that they are deemed to be allegations of fact, Defendant respectfully refers the Court to its contracts awarded under the GSA FSS Program and its contract with the U.S. Mint as the best evidence of their contents.

65. Deny.

66. Deny.

67. Deny.

  68. Deny.

  69. Deny.

  70. The allegations in the opening portion of paragraph 70 contain legal conclusions to which no response is required. To the extent that they include allegations of fact, Defendant denies such allegations and respectfully refers the Court to its contracts awarded under the GSA FSS Program and its contract with the U.S. Mint, which are the best evidence of their respective contents. Defendant avers that items that are on a GSA FSS contract may be sold under other contracts and that its GSA contract did not include "most favored customer pricing." Deny the remaining allegations of paragraph 70.

  71. Deny.

  72. Deny.

  73. Deny.

  74. Paragraph 74 purports to state the content of portions of 31 U.S.C. §3729. Defendant respectfully refers the Court to the referenced statutory provisions for a complete statement of their terms.

  75. The allegations in paragraph 75 contain conclusions of law to which no response is required. To the extent any of the allegations in paragraph 75 may be deemed allegations of fact, they are denied.

  76. Deny.

  77. Deny.

  78. Deny.

  79. The allegations in paragraph 79 contains conclusions of law to which no response is required. To the extent any of the allegations in paragraph 79 may be deemed allegations of fact, they are denied.

80. The allegations in paragraph 80 contains conclusions of law to which no response is required. To the extent any of the allegations in paragraph 80 may be deemed allegations of fact, they are denied.

81. Deny.

## COUNT II

### False Claims Act, 31 U.S.C. §3730(h)
### (RETALIATORY DISCHARGE)

1. The allegations in paragraph 1 are Relator's characterization of this action and contain conclusions of law to which no response is required. To the extent any of the allegations in paragraph 1 may be deemed allegations of fact, they are denied.

2. Admit.

3. Deny. Aver that Defendant is a wholly owned subsidiary of CDW Corporation and not CDW Computers Centers, Inc.

4. Admit the first sentence, but aver that Defendant has entered into and does enter into contracts with the United States through Federal agencies other than the GSA for the sale of information technology products and services. The allegations in the second sentence of paragraph 4 are conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

5. The allegations in paragraph 5 are conclusions of law to which no response is required, and to the extent they may be deemed allegations of fact, they are denied.

6. Deny the allegations in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. With respect to the allegations in the second sentence of paragraph 6, admit that Relator was employed

by Defendant from March 27, 1997 to July 2, 2001. His positions with Defendant were as a Customer Service Rep, TSG Representative, and as an Account Manager.

7. The allegations in paragraph 7 contain legal conclusions to which no response is required. To the extent that the allegations may be deemed allegations of fact, they are denied.

8. Deny.

9. Admit.

10. Deny.

11. Deny.

12. Defendant hereby incorporates its responses to the allegations of Count I, paragraphs 9 through 74 as if fully set forth herein.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny. Aver that Relator missed scheduled training classes.

18. Deny.

19. Deny. Aver that Defendant recorded Relator's failures to attend and late attendances of mandatory training sessions and that Relator was properly disciplined for his late/poor attendance.

20. Deny.

21. Deny.

22. Admit.

23. Deny.

24. Deny.

25. Deny.

26. Admit.

27. The allegations in paragraph 27 contain legal conclusions, including a characterization of both Defendants' contracts and apparently the contracts of some third parties, and therefore no response is required. To the extent they are deemed allegations of fact, they are denied.

28. The allegation in paragraph 28 implies that there is a contractual obligation to treat CIA contractor orders differently and that they could not be completed in Chris Rother's name. Thus, the allegations in paragraph 28 contain legal conclusions to which no response is required. To the extent they are deemed allegations of fact, they are denied.

29. Deny.

30. Deny.

31. Deny.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies those allegations.

33. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies those allegations.

34. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies those allegations.

35. Deny.

36. Deny.

37. Deny.

  38. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies those allegations.

  39. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies those allegations. To the extent further response is deemed require, Defendant denies this allegations in paragraph 39. Aver that Relator was terminated for stealing confidential information.

  40. Deny.

  41. Deny.

  42. Deny.

  43. Deny.

  44. Deny.

  45. Paragraph 45 purports to state the content of 31 U.S.C. § 3730(h). Defendant respectfully refers the Court to the referenced statute for a complete statement of its terms.

  46. Deny.

  47. Deny.

## **GENERAL DENIAL**

Defendant denies each and every allegation of the Complaint that has not been admitted or specifically responded to. To the extent any allegation of facts in the Complaint remains unanswered, Defendant denies such allegations. Furthermore, Defendant denies each and every Prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Relator has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims are barred by the doctrines of estoppel, laches, waiver, release, accord and satisfaction.

### Third Affirmative Defense

The claims are barred in part by the applicable statue of limitations.

### Fourth Affirmative Defense

Relator has failed adequately to plead violations of law in that, while the Complaint purports to identify certain payments, it does not allege how those payments were in violation of the specific terms and conditions set forth in contracts between the United States and the Defendants and/or to allege fraud with respect to these matters with particularity.

### Fifth Affirmative Defense

Relator has failed to adequately plead damages.  The damages Relator seeks are too indefinite to be compensable.

### Sixth Defense

Relator's claims against Defendant are barred because Defendant has complied with all applicable regulations of the federal and state governments.

### Seventh Defense

Relator's claims are barred, in whole or in part, because Defendant's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss.

### Eighth Defense

Relator fails to state with particularity facts to support the fraud and fraud-based allegations against Defendant contained in the Complaint.

### Ninth Defense

Relator's claims against Defendant are barred, in whole or on part, because the United States suffered no damages as a result of the matters alleged in the Complaint.

### Tenth Defense

Relator's claims under the False Claims Act, 31 U.S.C. § 3729-3733, are barred because Defendant did not act with the requisite intent.

### Eleventh Defense

Relator's claims against Defendant are barred, in whole or in part, because Defendant's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

### Twelfth Defense

Relator's claims against Defendant are barred, in whole or in part, because the United States did not rely on Defendant's conduct as alleged in the Complaint.

### Thirteenth Defense

Relator's claims are offset and reduced by Defendant's overpayments of Industrial Funding Fee and under-charging of freight.

### Fourteenth Defense

Defendant hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant request judgment against Relator and prays the Court:

(A)   Dismiss the Relator's complaint with prejudice;

(B)   Award Defendant the reasonable costs, expenses, and disbursements incurred in defending this action;

(C)   Award Defendant the reasonable attorneys' fees incurred in defending this action; and

(D)   Grant Defendant such other and further relief and the Court deems just and proper.

Dated:  September 5, 2008                             Respectfully submitted,

                                                     By:  */s/ Candice C. Kusmer*

                                                     John J. Kurowski, IL #0312111889
Of Counsel:                                          Candice C. Kusmer, IL $06284948
J. Andrew Jackson, DC Bar No. 435541                 KUROWSKI, BAILEY & SHULTZ, LLC
David M. Nadler, DC Bar No. 402705                   24 Bronze Pointe
                                                     Swansea, Illinois 62226
DICKSTEIN SHAPIRO LLP                                Phone: (618) 277-5500
1825 Eye Street, NW                                  Facsimile: (618) 277-6334
Washington, DC  20006-5403                           E-Mail: ckusmer@kbslf.com
(202) 420-2200

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2008, I caused a copy of the foregoing Answer and Defenses, to be sent by electronic mail and U.S. Mail, first class postage prepaid, to the following:

>Rachel B. Irish
>U.S. Department of Justice
>Commercial Litigation Branch
>Civil Division
>1100 L St., N.W.
>Room 12124
>Washington D.C., 20530
>
>Gerald M. Burke
>Assistant United States Attorney - Fairview Heights
>9 Executive Drive
>Suite 300
>Fairview Heights, IL 62208
>E-Mail: gerald.burke@usdoj.gov
>
>Dale J. Aschemann
>Aschemann Keller, LLC
>108 West Jackson St.
>Marion, IL 62959-2310
>E-Mail: dalea@quitamlaw.org

/s/ Candice C. Kusmer_____