IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE UNITED STATES of AMERICA, ex rel. Joe Liotine, individually, | ) ) ) |
| Plaintiff, | ) ) Civil No. **05-033-DRH** |
| v. | ) ) ) |
| **CDW-GOVERNMENT, INC.,** | ) ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Count 1 **(Doc. 72)**. Relator Liotine filed a response at **Doc. 78**, to which defendant replied at **Doc. 79**.

In Count 1 of his complaint, Relator Joe Liotine alleges that defendant violated the False Claims Act, 31 U.S.C. §3729, *et seq*.[1] Defendant has filed a motion to dismiss Count 1, on the grounds that it fails to plead fraud with particularity as required by Fed.R.Civ.P. 9(b), or because the court lacks subject matter jurisdiction over Count 1. See, **Doc. 70.** In the instant motion, defendant asks that discovery be stayed until the motion to dismiss is ruled on.

As grounds, defendant points out that the False Claims Act is an anti-fraud statute, and it is well-established that the heightened pleading requirement of Rule 9(b) apply. *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). Thus, the

---

[1] The United States has declined to intervene. See, **Doc. 38**.

1

relator in a False Claims Act case must allege "the who, what, when, where, and how" of the circumstances constituting fraud. ***U.S. ex rel. Garst v. Lockheed-Martin Corporation*, 328 F.3d 374, 376 (7th Cir. 2003)**. The purpose of the heightened pleading requirement in a fraud case is "to force the plaintiff to do more than the usual investigation before filing his complaint." ***Ackerman v. Northwestern Mutual Life Insurance Company*, 172 F.3d 467, 469 (7th Cir. 1999)**.

Recognizing that the heightened pleading requirement is at odds with the usual federal court notice pleading standard, the Seventh Circuit has explained:

> The purpose is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual. In the typical commercial case there is a substantial interval between the filing of the complaint and the completion of enough pretrial discovery to enable the preparation and disposition of a motion by the defendant for summary judgment. Throughout that period a claim of fraud will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation. The requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless. It also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims.

***Fidelity National Title Insurance Company of New York v. Intercounty National Title Insurance Company*, 412 F.3d 745, 748-749 (7th Cir. 2005).**

As a general rule, the purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case. See, ***Jepson, Inc. v. Makita Corporation*, 34 F.3d 1321, 1327 (7th Cir. 1994)**, in which the Seventh Circuit stated that one of the main purposes of Rule 9(b) is to minimize "strike suits" and "fishing expeditions."

Defendant cites a number of cases which hold that discovery should be stayed where

2

defendant moves to dismiss for failure to plead fraud with sufficient specificity.  See, cases cited at **Doc. 72**, **paragraph 5, and footnote 1**.  None of these cases are from the Seventh Circuit Court of Appeals and so are not authoritative precedent for this court, but the reasoning of the cases in which discovery was stayed is in accord with the Seventh Circuit's pronouncements about the purposes of Rule 9(b), quoted above.  This court finds the reasoning of the cases cited by defendant to be persuasive.

Much of relator's response is devoted to a discussion of the merits of the motion to dismiss, which is not relevant to the issue now before the court.

Relator does acknowledges that the court has the inherent power to stay discovery, but argues that a stay "would reward CDW-G for its sharp discovery practices, unfairly delay Relator's access to the evidence necessary to prove his well-pleaded Complaint, and undermine judicial economy to the extent that CDW-G's motion to dismiss does not even address all of the well-pleaded allegations of Relator's Complaint Count I or of Count II."  With regard to the first point, relator complains that defendant has stonewalled him on discovery, but that claim is irrelevant to the present discussion.  In any event, as relator has not filed a motion to compel, the court has no basis on which to evaluate the adequacy of defendant's discovery responses.  Relator's second point is no more persuasive; unless and until the motion to dismiss has been denied, relator has no need for evidence to *prove* the allegations of Count 1.

Relator's third point requires some discussion.  Count 2 is brought pursuant to Section 3730(h) of the False Claims Act, which prohibits an employer from discriminating against an employee "because of lawful acts done ... in furtherance of an action under this section, including investigation for ... an action filed or to be filed under this section."  Relator adopts the

allegations of Count 1 into Count 2, and alleges in Count 2 that defendant fired him "because he refused to participate in schemes to defraud the federal government and had indicated the same to defendant's management and others that the practices were illegal." **Doc. 1, Count 2, ¶44.**

Defendant has not moved to dismiss Count 2. However, because the allegations of Count 2 are so intertwined with the allegations of Count 1, it would be difficult, if not impossible, to proceed with discovery on Count 2 while discovery on Count 1 is stayed. The court is persuaded that discovery should be stayed as to Count 1 until the motion to dismiss is ruled on. Therefore, the court concludes that all discovery must be stayed.

The current scheduling order sets a discovery deadline of October 20, 2009. See, **Doc. 52.** That date will be adjusted, if necessary, to allow adequate time for discovery after the motion to dismiss is ruled on.

For the foregoing reasons, defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Count 1 **(Doc. 72)** is **GRANTED**. All discovery is stayed pending a ruling by Chief Judge Herndon on defendant's motion to dismiss Count 1.

In view of the stay, defendant's Motion for Protective Order **(Doc. 58)**, defendant's Motion to Compel **(Doc. 61)**, and relator's Motion for Protective Order **(Doc. 68)** are **DENIED as moot**, with leave to re-file after the motion to dismiss has been ruled upon.

**IT IS SO ORDERED.**

**DATE: March 18, 2009.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**