IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THE UNITED STATES of AMERICA,** | ) | |
| ex rel. Joe Liotine, individually, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. **05-033-DRH** |
| | ) | |
| v. | ) | |
| | ) | |
| **CDW-GOVERNMENT, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion to Compel Answers to Interrogatories and

Production Requests. **(Doc. 109)**. Plaintiff filed a response at **Doc. 117**, to which defendant

replied at Doc. **118**.

Initially, the Court notes that defendant's suggestion that plaintiff's response was

untimely is incorrect. **See, Fed.R.Civ.P. 6(d).**

This motion presents the issue of how to count sub-parts of interrogatories. The parties

agreed that they could each propound 35 interrogatories, rather than the limit of 25 set by Rule

33(a)(1). Defendant propounded 35 interrogatories, to which plaintiff objected because, by his

count, there were more than 35 interrogatories because some of the subparts were "discrete."

In its memorandum in support of its motion, defendant asserts that the parties also agreed

that they would not count subparts as separate interrogatories, as plaintiff is doing. However, no

such agreement appears in the confirming correspondence attached to the motion, and, in his

response, plaintiff denies that the agreement included not counting subparts. **See, Doc. 117, pp.**

**2-3.**

The interrogatories and responses thereto are attached to defendant's memorandum, **Doc. 110**.[1]  Beginning with interrogatory number 2, Liotine renumbered the interrogatories to reflect his belief that the subparts of the questions were "discrete."  According to his count, interrogatory number 2 counted as three separate interrogatories because it asked him to identify all (1) witnesses, (2) documents, and (3) facts as to each order or transaction that he contends supports a False Claims Act claim.  This pattern continued with numbers 5, 10, 11, 13, 14, 15 and 15b, so that, by plaintiff's method of counting, interrogatory number 16 was really number 36.  Thus, plaintiff objected to each interrogatory from number 16 though 35 on the basis that the agreed-upon limit had been exceeded.

Rule 33(a)(1) does not define "discrete subpart."  The Advisory Committee Notes to the 1993 Amendments state:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Both parties cite various district court opinions, which may be illustrative, but are not authoritative precedent.  See, *Howard v. Wal-Mart Stores, Inc*., **160 F.3d 358, 359 (7th Cir.1998)**.  There is no bright-line test on how to count parts of interrogatories.  This Court utilizes a common sense approach, rather than an overly technical one.  This is in line with the

---

[1]The interrogatories and responses thereto are denominated as Exhibit C, but were filed as a continuum of the memorandum rather than as separate attachments.  All parties should review the CM/ECF User's Manual, §4.0, regarding correct filing procedures.

approach recommended in **Wright & Miller,** *Federal Practice and Procedure***, §2168.1**, i.e., if

the subparts are "directed at eliciting details concerning a common theme," the subparts should

be counted together as one interrogatory.

Having reviewed the interrogatories in issue, the Court concludes that the subparts should

not be counted as separate interrogatories.  Each of the disputed interrogatories concerns only

one subject.  The subparts do not concern discrete or separate subjects.  Therefore, defendant's

Motion to Compel Answers to Interrogatories and Production Requests **(Doc. 109)** is

**GRANTED** as follows:

1.    Plaintiff shall respond to defendant's interrogatories numbered 16 through 35 by **June 15, 2010.**

2.    Plaintiff shall produce all documents that were withheld solely on the basis of plaintiff's numerosity objection by **June 15, 2010.**

**IT IS SO ORDERED.**

**DATED: May 20, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**