IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE UNITED STATES of AMERICA,** ) | |
| ex rel. Joe Liotine, individually, ) | |
| ) | |
| Plaintiff, ) | Civil No. **05-033-DRH** |
| ) | |
| v. ) | |
| ) | |
| **CDW-GOVERNMENT, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Second Motion to Compel Answers to Interrogatories and Production Requests. **(Doc. 113)**. Plaintiff filed a response at **Doc. 119**, to which defendant replied at Doc. **120**.

Defendant challenges the sufficiency of plaintiff's answers to its interrogatories numbered 2, 4, 10, 11, 12, 13, 14 and 15(a). Each of these interrogatories begins with the phrase "Identify all witness and documents and state all facts as to [various subjects]." In response to each question, plaintiff identified the same 18 persons, in addition to himself, as witnesses regarding the various subjects specified. Defendant complains that plaintiff's responses "did not explain as to which part or parts of his interrogatory answers the witnesses were knowledgeable." **Doc. 114, ¶2.** Plaintiff responds, accurately, that the interrogatories did not ask plaintiff to make such linkage.

The motion is denied with respect to the sufficiency of identification of witnesses in interrogatories numbered 2, 4, 10, 11, 12, 13, 14 and 15(a).

1

Defendant next complains that, in response to interrogatory number 8, plaintiff failed to identify from whom his counsel had received documents and to whom his counsel had provided documents.  However, the interrogatory asks for information only as to documents possessed or controlled by Liotine and his wife, and not counsel.  The motion is denied in this respect also.

The third point of contention is whether plaintiff must produce a copy of the statement of material evidence ("disclosure statement") which he earlier provided to the United States pursuant to 31 U.S.C. §3730(b)(2).  This was sought in request for production number 6.  Plaintiff maintains that this statement is protected by the work product doctrine.  The Court will defer ruling on this point because it is the subject of a separate motion to compel, **Doc. 121.**

Lastly, defendant asks the Court to compel plaintiff to produce the documents requested in requests numbered 14, 15 and 17.  These requests seek all documents provided to "any expert or consultant retained or consulted," all documents provided by such experts or consultants to plaintiff, and all documents provided by such experts or consultants to any other person or entity.

The motion is denied with respect to requests numbered 14, 15 and 17.  First, plaintiff is not required to provide any information about consultants who are not expected to testify at trial.  Fed. R. Civ.P. 26(b)(4)(B).  Secondly, plaintiff is not required to serve his expert disclosures until December 13, 2010.  **See, Doc. 105.**

For the reasons explained above, defendant's Second Motion to Compel Answers to Interrogatories and Production Requests **(Doc. 113)** is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: May 21, 2010.**        **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITED STATES MAGISTRATE JUDGE**