IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE UNITED STATES of AMERICA,** ex rel. Joe Liotine, individually, | ) ) ) |
| Plaintiff, | ) Civil No. **05-033-DRH** ) |
| v. | ) ) |
| **CDW-GOVERNMENT, INC.,** | ) ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Third Motion to Compel.  **(Doc. 121)**.  Plaintiff filed a response at **Doc. 124**.  The United States, which has not intervened, filed a response at **Doc. 123.**  Defendant then filed a reply to plaintiff's response at **Doc. 125**, and a reply to the government's response at **Doc. 126.** [1]

Defendant seeks an order compelling plaintiff to produce documents responsive to interrogatories numbered 6, 8 and 9, and requests for production numbered 6,7,11,13,19,27 and 29.  These discovery requests seek documents provided by plaintiff to the government and communications between plaintiff and the government.

Plaintiff has withheld production, claiming various privileges.  He produced a privilege

---

[1] The Court notes that, even while citing SDIL-LR 7.1(g), defendant habitually files replies to responses to motions.  Rule 7.1(g) says that **"Reply briefs are not favored and should be filed only in exceptional circumstances**." [emphasis in original].  In the future, defendant should resist the temptation to automatically file a reply.  In the Court's view, none of the responses to defendant's motions to compel have presented exceptional circumstances justifying a reply.

log which lists only one document, the transcript of an interview conducted of him by government agents on April 12, 2003.

In his response, Liotine acknowledges that he is withholding documents, but takes the position that he does not have to produce a privilege log as required by Fed.R.Civ.P. 26(b)(5) because all of his communications with the government are protected by the Joint Prosecutorial Privilege and/or constitute work product.

The requirements of Rule 26(b)(5) are clear.  Documents which are withheld under a claim of privilege must be entered into a privilege log so that the parties and the Court can determine the propriety of the claim of privilege.   It makes no sense to say, as plaintiff does, that the claim of privilege *excuses* the entry of the documents on a privilege log.  Rather, it is the claim of privilege which *requires* that the documents be entered on the log.

For good cause shown, defendant's Third Motion to Compel **(Doc. 121)** is **GRANTED**.  Plaintiff shall prepare a privilege log which logs *all* documents which he has withheld under a claim of privilege.  Said log shall be served by **June 15, 2010.**

**IT IS SO ORDERED.**

**DATED: May 28, 2010.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**