# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** ex rel. JOE LIOTINE, individually, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) **CASE NO.:  05-cv-33-DRH-DGW** ) ) |
| **CDW-GOVERNMENT, INC.,** An Illinois corporation, | ) ) ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Relator Joe Liotine's Motion to Compel Production of Documents That Defendant CDW-Government Received From The United States General Services Administration (Doc. 151).  For the reasons set forth below, Relator's motion is **GRANTED IN PART AND DENIED IN PART**.  This Court orders CDW-Government to produce the contested documents pursuant to the Court ordered protective order filed contemporaneously with this Order.

## DISCUSSION

Joe Liotine, Relator in this *qui tam* action, asks the Court to order Defendant CDW-Government, Inc. to produce all documents received by Defendant pursuant to a subpoena served on the United States General Services Administration ("GSA") in May 2010.  Defendant responds that it has produced some of the requested documents and will produce the remaining documents with a protective order.  Defendant has submitted a proposed protective order as an exhibit to its response to Relator's motion.[1]

In that proposed order, Defendant agrees to produce the information requested by Relator.

---

[1] Defendant also submitted a Non-Disclosure Declaration.  The Court will not consider this as relevant, in that when a court order is issued a presumption of compliance attaches.

The only issue left before the Court is whether that information will be subject to a protective order issued by this Court. Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. Fed.R.Civ.P.26(c). A district court cannot sanction a proposed protective order, however, without first finding that "good cause" exists for the Court to issue the order. *Jepson, Inc. v. Makita Electric Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). Even if both parties agree that a protective order should be entered, a court must still find "good cause" for the discovery materials in question to receive judicial protection. *Id.*

A federal court should make the "good cause" determination independently, and should not grant the parties "carte blanche" to protect whatever documents they desire. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). A court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials without making the necessary finding of good cause. *Id.* at 945. In making a "good cause" determination, a court should be mindful that "[t]he judge is the primary representative of the public interest in the judicial process." *Citizens First*, 178 F.3d at 945.

When evaluating an agreed proposed protective order seeking to protect documents produced in discovery, a court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." *Pierson v. Indianapolis Power & Light Co.,* 205 F.R.D. 646, 647 (S.D. Ind. 2002) (citing *Citizens First,* 178 F.3d at 943 (7th

Cir. 1999)).

This Court has examined the Defendant's proposed protective order and determines that "good cause" has been shown pursuant to Rule 26 of the Federal Rules of Civil Procedure and Seventh Circuit precedent. Pursuant to this protective order, Defendant will produce all documents that are not designated "Confidential Material" as defined in the protective order. Specifically, "Confidential Material" consisting of a) medical records; b) tax records; c) "basis of award" and/or similar contract negotiation documents relating to CDWG's procurement contracts with the Unites States government that are not publicly available; d) current freight shipping contracts that are not publicly available; e) customer lists or similar customer information that are not publicly available; f) confidential organizational charts that are not publicly available; and g) non-public business-sensitive proprietary, or settlement related information produced by the General Services Administration ("GSA") pursuant to CDWG's May, 11 2010, *Touhy* request.

This Court finds that these categories are narrowly tailored and properly demarcated categories of legitimately confidential proprietary information or confidential personal information. After balancing the interests of the public as well as the privacy interests of the litigants, this Court finds that the latter predominate in this case, and that "good cause" has been shown. *Citizens First,* 178 F.3d at 945.

## CONCLUSION

For the reasons set forth above, the Court **ORDERS** CDW-Government to produce all documents not previously produced received from the United States General Services Administration on a subpoena issued in May 2010 pursuant to the protective order filed contemporaneously with this Order.

**DATED: February 23, 2011**

**DONALD G. WILKERSON
United States Magistrate Judge**