IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| JOE LIOTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:05-cv-33-DRH-DGW |
| v. | ) | |
| | ) | |
| CDW GOVERNMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now pending before the Court is a Motion to Compel Answers to Relator's First Supplemental Interrogatories (Doc. 136) and a Motion to Compel Production of Electronically Stored Information in Usable Form (Doc. 145) both filed by Relator Joe Liotine.   For the reasons set forth below, these motions are **GRANTED**.

*Motion to Compel Answers to Relator's First Supplemental Interrogatories*

Joe Liotine, Relator in this *qui tam* action, asks the Court to order Defendant CDW Government Inc. ("CDW") to answer Relator's First Supplemental Interrogatories (Doc. 136). Relator propounded his First Supplemental Interrogatories on August 19, 2010, seeking information about 42 specific products sold by CDW to the United States between 2004 and 2009.[1] The interrogatories request information regarding sales to the government by CDW of the identified products regardless of when the sale occurred.

> 17.    For each Hewlett Packard ("HP") product listed in the attached Exhibit A,
>        please identify:
>
>        a.    the number or quantity of each such item sold to the United States

---

[1] The 42 products are listed in Exhibit A to Relator's First Supplemental Interrogatories which appears in the Court's record at Doc. 137, p. 14.

government;

b.  the average price for each such item sold to the United States government;

c.  the date(s) that each such item was sold to the United States government;

d.  the department, agency, or bureau of the United States government to which the item(s) was/were sold;

e.  the location of any document reflecting the sale of any such item to the United States government;

18.  For information technology manufacturer Hewlett Packard ("HP"), please produce copies of every country of origin list/catalogue which HP has to CDW-G.

(Doc. 137, Exh. A.)  In response to these interrogatories, CDW provided data for sales that occurred between 1999 and 2001.  CDW objected, among other things, to providing information about sales that occurred after 2001.  CDW argued, in part, that the request for data from 2002 to the present was overly broad and that producing data of sales transactions that occurred after 2001 would be unduly burdensome.

In its motion to compel, Relator argues that the requests are not overly broad and are in fact limited to 42 specific transactions Relator believes violated the Trade Agreements Act ("TAA").  In response, CDW points out that it has produced over one million pages of documents in the case already, involving several million sales transactions, yet Relator has been unable to identify any false claims.  Even so, CDW argues that Relator's requests in the First Supplemental Interrogatories are irrelevant and overly burdensome because Relator does not ask for data regarding only those transactions, but data regarding all sales transactions of the products identified, regardless of whether those transactions could violate the TAA.  CDW asserts that

many of the products identified could have been manufactured in a trade-compliant country, would thus not violate the TAA, and would therefore be irrelevant. CDW also contends that it should not have to produce the requested data because it is available to the public, and Relator has not indicated it has made any attempt to seek the data from the government.

In reply, Relator points out that CDW's failure to argue its time-frame objections in the response indicates that it has abandoned such argument, that CDW provided the requested information for the time period between 1999 and 2001 and would not be overburdened in producing the information for later years, that CDW's objection that certain transactions may not have violated the TAA is an insufficient reason for failing to produce the information, and that a Rule 30(b)(6) corporate representative testified in deposition that that information Relator seeks is maintained in an easily searchable database.

### Discussion

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard is broad. Nevertheless, there are limits to discovery. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In *Oppenheimer*, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352.

The Court finds that Relator's request for sales information regarding the 42 identified

products is relevant and production would not be overly burdensome to CDW. A corporate representative of CDW testified in deposition that the information Relator seeks is readily available in a searchable database maintained by CDW. Relator's request is not unlimited; he has identified specific products about which he seeks information. Presumably, CDW's database can be searched for these specific products.

The Court finds little merit to CDW's argument that some of the products could have been produced in a trade-compliant country, and if they were, discovery about those products would be irrelevant. CDW makes this vague assertion without any corresponding attempt to demonstrate which products were produced in trade-compliant countries. Had CDW made an effort to show Relator that certain of the products were produced in trade-compliant countries, and thus not violative of the TAA, the parties could have worked together to narrow and limit the scope of discovery requested in the supplemental interrogatories. Instead, CDW unilaterally refused to produce any documents.

The Court has already granted Relator's request for additional time for discovery by continuing the trial date and ordering new deadlines for the close of discovery and filing of dispositive motions (Doc. 164). Thus, CDW has the time to produce the additional information requested. Accordingly, the Motion to Compel Answers to Relator's First Supplemental Interrogatories is **GRANTED**. CDW is **ORDERED** to supplement the interrogatories by **June 1, 2011**. CDW's answers should include transactions from 1999 to the present.

### *Motion to Compel Production of Electronically Stored Information in Usable Form*

In this motion, Relator asks the Court to order Defendant CDW to provide all relevant sales information to which Relator is entitled in a usable electronic format (Doc. 145). Relator

contends that CDW maintains its sales information in an AS400 data system (a database). Within the system, data is easily organized and retrieved. Relator states that CDW has produced some of the sales data in spreadsheets that cannot be searched or manipulated, despite CDW's ability to produce that information in such a format. Relator further argues that CDW has failed to produce "codes" necessary to understand the sales data produced in the spreadsheets.

In response, CDW argues that the information Relator requests (limited to transactions between 1999 and 2003) has already been produced to the United States, the real party in interest in the case, in the exact searchable format Relator seeks. In addition, some of the information produced in non-searchable spreadsheets is maintained by CDW only in hard copies, which CDW already produced. Thus, Relator's motion is unnecessary and should be denied (Doc. 150).

*Discussion*

Federal Rule of Civil Procedure 34(b)(2)(E)(ii) requires a party responding to discovery requests for electronically stored information must produce the information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms . . . ."

The Court finds that to the extent the information sought by Relator is available in an electronically-stored format, such as a database, CDW is **ORDERED** to produce such information in the same format or in a similarly manipulable format.

Regarding information already produced to the government by CDW, the Court has no information regarding whether such information was produced to Relator or is now in the possession of the Relator. Moreover, CDW has not demonstrated how this information, admittedly already produced, could not be produced directly to Relator at this time.

In summary, Relator's Motion to Compel Production of Electronically Stored Information

in Usable Form (Doc. 145) is **GRANTED**.   Defendant CDW is **ORDERED** to produce all sales data to Relator in a usable format.   This includes the data the Court ordered CDW to produce above, regarding transactions of certain specified products from 1999 to the present.   CDW is **FURTHER ORDERED** to produce directly to Relator the electronically stored information previously produced to the United States.   Production to Relator in hard copy is sufficient for sales data maintained by CDW only in hard copy.   CDW is **DIRECTED** to produce the electronically stored information by **June 1, 2011**.

**IT IS SO ORDERED.**

**DATED: April 26, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**