IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JOE LIOTINE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CDW GOVERNMENT, INC., | ) ) |
| Defendant. | ) ) |

Case No. 3:05-cv-33-DRH-DGW

**ORDER**

Now pending before the Court is a Motion to Compel Personnel Files Pursuant to Protective Order Without Attorneys' Eyes Only Restriction (Doc. 170). For the reasons set forth below, this motion is **DENIED**. The Court **ORDERS** that Defendant CDW Government ("CDW") may produce requested personnel files "for attorney's eyes only."

### BACKGROUND

On February 23, 2011, the Court issued a Protective Order pursuant to Fed. R. Civ. P. 26 to protect disclosure of confidential materials, which included non-public medical records, tax records, contract negotiation documents, freight shipping contracts, organizational charts, and business-sensitive, proprietary, or settlement-related information produced to the General Service Administration (Doc. 160).

On May 5, 2011, the Court held a telephonic discovery dispute conference in this action. Defendant CDW objected to the production of personnel records to Relator unless an "attorney's eyes only" provision was in place allowing the records to be viewed by Relator's counsel but not by Relator himself. The Court allowed the parties leave to file briefs on the issue.

On May 13, 2011, Relator filed a Motion to Compel the documents *without* any "attorney's eyes only" restriction (Doc. 170). Relator argues that to require such a restriction would encroach upon the attorney-client privilege, would reveal attorney thought processes, is based upon unsupported allegations that Relator stole confidential documents from CDW while employed there, and is not supported by relevant law.

In opposition to Relator's motion, Defendant CDW argues that the Court should impose an "attorney's eyes only" restriction on personnel records produced to Relator in the course of discovery because privacy concerns dictate additional protection for the personnel records of non-party employees (Doc. 173). CDW asserts that Relator Joe Liotine was fired for stealing proprietary customer lists in violation of confidentiality agreements he had signed. Due to the potential for inadvertent disclosure of the personnel records, CDW argues that Relator's counsel should view the records, then seek consent from CDW before disclosing the records to Relator himself.

CDW submits a proposed protective order which would allow protection of personnel files as "Attorney's Eyes Only Material." The proposed protective order contemplates that personnel files designated as "Attorney's Eyes Only" may be disclosed only to experts or consultants retained in the action, counsel of record and other counsel for the parties, and persons employed in such attorney's offices, any person determined in good faith by a party to be a potential deposition or other witness, court reporters, and the Court and court personnel, but not to Relator himself. The order contemplates that disclosure to the parties to the litigation is expressly excluded. The proposed protective order provides that a receiving party may challenge a designation of "Attorney's Eyes Only" by sending written notice, then meeting and conferring with opposing

counsel in an effort to agree on the scope of the designation. Where agreement cannot be reached, the parties are directed to contact the Court.

## ANALYSIS

As a general rule, a district court enjoys wide latitude in the discovery matters before it. *See Hay v. Indiana State Bd. Of Tax Comm'rs*, 312 F.3d 876, 882 (7th Cir. 2002). The Court has not found, nor do the parties cite, a Seventh Circuit case holding specifically whether and under what conditions an "attorney's eyes only" discovery limitation is acceptable. In *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002), the Court opined in dicta that limiting disclosure of documents to attorneys only is one method of protecting sensitive information that would not otherwise be disclosed.

Having reviewed the arguments, the Court does not agree that the "attorney's eyes only" requirement will substantially interfere with communications between Relator and Relator's counsel. The Court, as directed in *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999), is tasked with maintaining the confidentiality of materials, like personnel files of non-litigant parties, unsuited for public disclosure. Additional protection for such documents is a legitimate concern of both CDW and the Court. Moreover, it is possible that the files may not reveal any relevant or admissible evidence. If so, the provisions of the protective order will ensure that sensitive information won't be revealed inadvertently to individuals not officers of the court and bound by no corresponding ethical duty. Finally, if Relator's counsel finds information it wishes to discuss with Relator, the protective order contains provisions that will allow it to do so. If those provisions prove to be unworkable or overly burdensome in practice, the parties may seek direction from the Court according to the Court's

Order Regarding Discovery Disputes (Doc. 156).

## CONCLUSION

Based on all the foregoing, the Court finds that CDW has a legitimate interest in protecting the confidential personnel records of non-party employees. The Court further finds that the provisions of CDW's proposed protective order, which allow for viewing of such records by attorneys only and allow for challenges to the restriction on a case-by-case basis, are reasonable and not overly burdensome. Accordingly, the Relator's Motion to Compel Personnel Files Pursuant to Protective Order Without Attorneys' Eyes Only Restriction (Doc. 170) is **DENIED**. The Court will enter an Amended Protective Order adopting the "attorney's eyes only" provisions suggested by CDW.

**IT IS SO ORDERED.**

**DATED: June 9, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**