# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,**<br>ex rel. JOE LIOTINE, individually,<br><br>**Plaintiff,**<br><br>vs.<br><br>**CDW-GOVERNMENT, INC.,**<br>An Illinois corporation,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>) **CASE NO.: 05-cv-33-DRH-DGW**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Joe Liotine and Defendant CDW Government, Inc. ("CDWG") and their counsel hereby agree to the following Stipulated Protective Order ("Protective Order") to govern the production, use, and disclosure of confidential material (as defined herein) of the parties or of third-parties in the above-captioned action. Pursuant to *Citizens First National Bank v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999) and *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), the designation of documents pursuant to the terms and conditions of this Protective Order represents certain narrowly-tailored and properly demarcated categories of legitimately confidential proprietary information or confidential personal information, the disclosure of which could likely place a party at a competitive disadvantage or cause annoyance, embarrassment, oppression or constitute the invasion of individual privacy interests. Accordingly, it is hereby agreed and ordered as follows:

1.     The following information may be marked as "Confidential Material": (a) medical records; (b) tax records; (c) "basis of award" and/or similar contract negotiation documents relating to CDWG's procurement contracts with the United States government that are not publicly available; (d) current freight shipping contracts that are not publicly available; (e) customer lists or similar customer information that are not publicly available; (f) confidential organizational charts that are not publicly available; and (g) non-public business-sensitive, proprietary, or settlement related information produced by the General Services Administration ("GSA") pursuant to CDWG's May 11, 2010 *Touhy* request to GSA in this case. In addition, personnel files requested in discovery may be protected as "Attorney's Eyes Only Material" under this Order. In the event that a party inadvertently fails to designate at the time of production a document as Confidential Material or Attorney's Eyes Only Material, and those documents are Confidential Material or Attorney's Eyes Only Material, said party shall inform all other parties and shall re-produce said document with the appropriate label.

2.     A Confidential Material or Attorney's Eyes Only Material designation shall be made by stamping the materials as such or by providing written notice designating material produced by another party or a third party as Confidential Material or Attorney's Eyes Only Material with the

basis for the designation as soon as practicable. Upon receiving a written notice designating material as Confidential Material or Attorney's Eyes Only Material, the receiving party shall make a good faith effort to stamp the words "Confidential Material" or "Attorney's Eyes Only Material" on each page of such material, and all copies thereof, as requested by the designating party and, from that point forward, treat all such material as such pursuant to the terms and conditions of this Protective Order. With respect to any deposition transcript or exhibit, or any portion thereof, a designation of such materials as Confidential Material or Attorney's Eyes Only Material shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript by the parties, and the transcript of such deposition or portion thereof shall be so marked. With respect to answers to interrogatories, requests for production of documents, and requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as Confidential Material or Attorney's Eyes Only Material.

3. Except as otherwise permitted by orders of the Court, or agreement of the Undersigned Parties, Confidential Material and Attorney's Eyes Only Material shall be used solely for the purposes of conducting this action, including any appeals there from. Any copies, excerpts, summaries, analyses, or other disclosures of the substance or contents of such Confidential Material or Attorney's Eyes Only Material shall be similarly protected.

4. Any document designated as Confidential Material under this Protective Order (and any copies thereof) shall be disclosed only to: (a) the parties to this litigation and the officers, directors, employees and agents of any party; (b) experts or consultants retained in this action by respective counsel, and the employees of such experts or consultants who are assisting them; (c) counsel of record and other counsel for the Undersigned Parties, and persons employed in such attorney's offices or other persons as reasonably necessary for the preparation for trial of this action, including any appeals therefrom; (d) any author or prior recipient of the document; (e) any person whom a party in good faith determines shall be a potential deposition or other witness; (f) court reporters in connection with testimony given in this action; (g) the Court and Court personnel; and (h) any other person whom the producing party agreed in writing in advance of access, or whom the Court directs, may have access to the Confidential Material.

5. Unless otherwise authorized by the provisions of this Protective Order, by a written agreement of the parties or by Court order, any documents that are designated Attorney's Eyes Only Material may be disclosed only to those individuals that are defined and identified in subparagraphs (b) through (g) of Paragraph 4. Subparagraph (a) of Paragraph 4 is expressly excluded.

6. Any person to whom Confidential Material or Attorney's Eyes Only Material is to be disclosed shall first be advised by the attorney making the disclosure that the material is being disclosed pursuant to this Protective Order and may be disclosed only to those persons authorized to have access pursuant to Paragraphs 4 and 5 above, except as permitted by order of the Court or by the written agreement of the parties.

7. This Protective Order will not apply to use of Confidential Material or Attorney's Eyes Only Material in any trial proceedings in open court or in any pretrial or trial filings made with the Court.

8.      Upon receipt of any material designated by a party as Confidential Material or Attorney's Eyes Only Material, the receiving party may object to any such designation within a reasonable time of receipt of the designation by sending written notice of such objection to counsel for the designating party. Upon receipt of a written objection to the designation of the documents or materials as Confidential Material or Attorney's Eyes Only Material, counsel shall meet and confer in an effort to reach agreement on the propriety or scope of the designation in question. In the event that an agreement cannot be reached, the designating party shall have thirty (30) days in which to seek a protective order from the Court for judicial protection over the materials. In such an event, the designating party shall have the burden of demonstrating that there is good cause for the protection of the documents or materials as Confidential Material or Attorney's Eyes Only Material as the case may be. Notwithstanding any challenge to the designation of Confidential Material or Attorney's Eyes Only Material, all such materials shall continue to be treated as subject to the protection of this Protective Order until one of the following occurs: (a) the designating party withdraws such designation in writing; (b) the designating party fails to timely move the Court for an order designating the materials as Confidential Material or Attorney's Eyes Only Material; or (c) the Court rules that the Confidential Material or Attorney's Eyes Only Material should no longer enjoy such a designation.

9.      In the event of a disclosure of documents designated as Confidential Material or Attorney's Eyes Only Material to a person not authorized to have received such a disclosure to him or her under the provisions of this Protective Order, and in the event that the party responsible for having made or allowing such a disclosure becomes aware of the disclosure, that party shall immediately inform counsel for the party whose Confidential Material or Attorney's Eyes Only Material has been disclosed of all relevant information concerning the nature and circumstances of such disclosure.

10.     Within ninety (90) days after the conclusion of all litigation subject to this Protective Order, including the disposition of any appeals from the final judgment herein, a party will undertake reasonable and prudent efforts to return all Confidential Material and Attorney's Eyes Only Material to counsel for the designating party or certify in writing to counsel for the designating party that all such materials have been destroyed.

11.     Nothing in this Protective Order precludes a member of the public from challenging the propriety of any Confidential Material or Attorney's Eyes Only Material designation in accordance with this Order.

**FOR GOOD CAUSE SHOWN IT IS SO ORDERED.**


**DATED: June 9, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

DSMDB-2932176v1