IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) | |
| JOE LIOTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05-cv-33-DRH-DGW |
| v. ) | |
| ) | |
| CDW GOVERNMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case comes before the Court on a discovery dispute regarding sufficiency of Defendant CDW-G's answers to written questions posed by Relator Joe Liotine, pursuant to Fed. R. Civ. P. 31.

**BACKGROUND**

In November 2010, Relator conducted a Fed. R. Civ. P. 30(b)(6) deposition of CDW-G corporate representative Kevin Adams. After Defendants had produced court-ordered supplementary discovery, Relator requested a second 30(b)(6) deposition of Mr. Adams. On August 19, 2011, the Court determined that a second deposition would be too burdensome, but ordered Mr. Adams to respond to written questions proposed by Relator (Doc. 194). On September 12, 2011, Defendants filed Objections and Responses to Relator's written deposition questions (Doc. 204).

Written deposition question 1.d asked "[w]hich of the 2,975 price codes identifies a sale for which TAA compliance was required at the time of the sale?" (Doc. 204). Defendants responded:

> CDW-G objects to these questions as compound, vague, speculative, seeking legal conclusions, and as overly broad, unduly burdensome, and exceeding the

> reasonable scope and burden of a Federal Rule 30(b)(6) deposition and the Court's August 19, 2011 Order given (but not limited to) relator's reference to "2,975 price codes."
>
> Subject to and without waiving the foregoing objections, CDW-G states that with respect to its GSA Schedule, the purpose of price codes is to assist the company in tracking the amount of IFF that is properly payable to GSA for sales made pursuant to the Company's GSA Schedule, and is not to indicate whether a particular transaction was required to be, or was compliant with the TAA, at the time of sale. CDW-G further incorporates its responses to Written Deposition Question Nos. 1(a) and 1(b).

(Doc. 204, pp. 11-12.)

Upon receipt of this response, Relator contacted the Court to resolve the question whether CDW-G's responses to written questions were adequate. The Court held a discovery dispute conference on the issue on October 3, 2011. Defendant CDW represented to the Court that the information regarding price codes requested by Relator in written deposition question 1.d would be produced in its expert reports (Doc. 207). After receiving the expert reports and finding them not responsive to written deposition question 1.d, Relator contacted the Court to take up the issue. The Court held a discovery dispute conference on October 20, 2011. After hearing arguments from both sides, the Court ordered the parties to submit the expert reports of Kevin Adams for the Court's review (Doc. 214).

## DISCUSSION

The Court must now determine whether the expert reports of Kevin Adams provide an answer to written deposition question 1.d as Respondents represented to the Court. After thorough review of the Adams expert reports, the Court finds that the reports do not provide information sufficient to answer written deposition question 1.d.

The Adams expert reports explain and summarize the requirements of the Trade

Agreements Act ("TAA") regarding sales to the government, and CDW-G's procedures for identifying products that are TAA-compliant, and for verifying that products remain TAA-compliant. The bulk of the report deals with refuting the findings of Relator's expert, Dr. Albright. Dr. Albright determined that "between January 20, 1999 and April 30, 2011, CDW-G made $228,259,143.95 worth of sales involving 938,942 products, over 237,152 transactions 'that have so far been identified as involving goods whose countries of origin are not complaint with the TAA'" (Adams Expert Rpt. p. 12). In his reports, Mr. Adams demonstrated how Dr. Albright's findings were erroneous by identifying exceptions to TAA requirements that Dr. Albright did not take into consideration. In doing so, Adams identified 43 price codes associated with "open market sales" which are exempt from the TAA (Appendix 7 to Adams Expert Rpt.), and 70 price codes associated with contracts with federal agencies to which the TAA does not apply (Appendix 8 to Adams Expert Rpt.). Adams also identified other non-code-related errors in Dr. Albright's methodology. Taken together, the transactions excluded by the Adams reports eliminated $227,174,093.00 of the non-compliant transactions identified by Dr. Albright. In his supplemental expert report, Mr. Adams identified 23 additional price codes associated with customers not subject to the TAA (Appendix 1 to Adams Supplemental Expert Rpt.).

The Court finds that the original answers to the written deposition question and the information produced in the expert reports do not sufficiently answer written deposition question 1.d, which the Court interprets as asking CDW-G to identify any and all price codes associated with transactions to which the TAA does not apply. The Court reads Mr. Adams's report to indicate that all the price codes he identified, in addition to those identified in earlier discovery, relate to either open market sales or customers not subject to the TAA. Adams, however, does not

represent that the price codes identified in the two reports constitute *all* price codes associated with open market sales or *all* price codes associated with customers not subject to the TAA. As such, the Court agrees with Relator that CDW-G has yet to provide Relator with an exhaustive list of price codes associated with transactions to which the TAA does not apply. The Court acknowledges that Mr. Adams may have intended to provide an exhaustive list of price codes associated with transactions to which the TAA does not apply, and that the codes identified in the reports may indeed be all the codes associated with transactions to which the TAA does not apply, but nowhere does Mr. Adams make any such affirmative statement. Because of this ambiguity, it is unclear to the Court whether Mr. Adams provided an exhaustive list. It is reasonable for Relator to be similarly perplexed.

## CONCLUSION

Based on all the foregoing, the Court **ORDERS** Defendant CDW-G to supplement its answer to written deposition question 1.d. The supplemental answer shall include an exhaustive list of all price codes associated with transactions not subject to the TAA. CDW-G shall produce this information by **November 4, 2011**.

**IT IS SO ORDERED.**

**DATED: October 28, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**