IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel. Joe Liotine, Individually*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:05-cv-33-DRH-DGW<br>)<br>) |
| CDW-GOVERNMENT, INC., | )<br>) |
| Defendant. | )<br>) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Relator Joe Liotine's Motion to Compel Payment of Expert Fees (Doc. 261). For the reasons set forth below, the motion is **GRANTED in part and DENIED in part**.

### BACKGROUND

Joe Liotine, relator in this *qui tam* action, filed his complaint pursuant to the False Claims Act, alleging, *inter alia*, that Defendant CDW-G violated the Trade Agreements Act ("TAA") in the course of performing government contracts. The current dispute concerns the amount of fees CDW-G will pay Relator's expert, Neal Fox, for the costs of his deposition. Mr. Fox, an expert regarding the TAA, the GSA Industrial Funding Fee, and GSA Shipping Charges (Doc. 263-2, p. 1), submitted an invoice for $6,964.00 based upon 25.2 hours of work at rate of $275.00 per hour, plus $34.00 for mileage. The invoice indicates that Mr. Fox spent 12.2 hours reviewing documents prior to his deposition, 3.7 hours meeting with Relator's attorneys prior to the deposition (including travel time), 9.3 hours in deposition (including travel time), and for 34 miles

(at $0.51 per mile) (Doc. 262-1, p. 2). CDW-G has agreed to pay for 13 hours of Mr. Fox's time at $245.00 per hour, plus mileage (a total of $3,219.00), but claims that it should not be required to pay for the 12.2 hours of document review (Doc. 263).[1]

The Court would be remiss if it did not comment upon the parties inability to resolve this dispute without Court intervention. Relator has filed a motion to compel, which includes a six page memorandum of law and five exhibits totaling 23 pages. Defendant filed a seven page response to the motion with 25 pages of exhibits. The Court speculates that it may cost the clients in this case more than the $3,355.00 in dispute to put this matter before the Court. With that said, the Court will resolve the dispute.

*Deposition Preparation Time*

Relator argues that the 12.2 hours of preparation time is reasonable and fully compensible. CDW-G objects that 12.2 hours of document review is unreasonable and questions whether Mr. Fox actually spent that amount of time preparing for the deposition.

Federal Rule of Civil Procedure 26(B)(4)(E) governs payment of experts. It provides, "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery . . . ." "In other words, before refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable." *Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir.2007).

Courts are split on the question whether the deposing party must compensate an expert for

---

[1] Mr. Fox's invoice (Doc. 262-1) indicates his fee is $275.00 per hour, but in a January 30, 2012, e-mail from David Nadler (Counsel for CDW-G) to Dale Aschemann (Counsel for Relator), Mr. Nadler indicates CDW-G is willing to pay Mr. Fox at an hourly rate of only $245.00 (Doc. 262-3). The parties do not raise this discrepancy as an issue in their briefs. As such, the Court will base its calculations on the hourly rate of $275.00 identified in the invoice (Doc. 262-1, p. 2).

time spent in preparation for a deposition. *See* 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2034 (3d ed. 2012). District courts in this circuit hold that "time spent in resonding to discovery" includes time spent preparing for a deposition. *See Collins v. Village of Woodridge*, 197 F.R.D. 354 (N.D. Ill. 1999) (finding "better reading" of rule is that "expert's reasonable fees for preparation time are recoverable," and consistent with "overall purpose of Rule 26 . . ." ). *See also Native Am. Arts, Inc. v. Indio Products, Inc*., 06 C 4690, 2012 WL 729291, at *2 (N.D. Ill. Mar. 6, 2012); *Chicago United Indus., Ltd. v. City of Chi*cago, 2011 WL 4383007, at *1–2 (N.D.Ill. Sept.20, 2011) (noting "majority view" supports payment of reasonable expert fees for time spent preparing for deposition).

Based on this case law, the Court finds that CDW-G must compensate Mr. Fox for his time spent preparing for his deposition. The Court must now determine whether the fees charged by Mr. Fox for 12.2 hours of preparation for his deposition were "reasonable." District courts in this circuit consider the "ratio of preparation time to deposition time" in making the determination. *Chicago United Indus.*, 2011 WL 4383007, at *2 (citing *Collins*, 199 F.R.D. 358). Courts in this circuit have upheld ratios of 1.5:1 and 3:1 in document-intensive cases. *Id.*

Mr. Fox is entitled to reasonable expenses associated with his time spent preparing for that deposition. CDW-G argues that 12.2 hours spent preparing for a 7 hour deposition is unreasonable. CDW-G maintains further that Fox's invoice does not specify any particular documents that he reviewed and therefore does not sufficiently support his request for 12.2 hours for preparaton time. Defedant further complains that the documents Fox reviewed in preparation for the deposition were documents that he reviewed in preparation of his expert report. Defendant maintains that it is not required to pay for that preparation time because Fox could "easily refresh

3

any lapses in his memory arising in the intervening period between the completion of his report and his deposition." *Rhee v. Witco Chemical Corporation*, 126 F.R.D. 45, 47 (N.D.Ill. 1989). Relator points out that the case is document intensive,[1] and Fox's ratio of preparation time to deposition time of 1.7:1 is reasonable on its face.

The Court is not persuaded by Defendant's argument that Fox could have merely reviewed his previously prepared report in preparing for the deposition. Neither is the Court persuaded that Fox did not have to review any new documents. At the very least, he spent several hours reviewing CDW's rebuttal reports prior to the deposition.[2] Although he may have reviewed documents he reviewed in preparing his expert report, he had never seen some of the documents until a few days before the deposition. By the Court's calculation, the ratio of preparation time to deposition time is approximately 1.7:1 (12.2 hours preparation time for a 7 hour deposition), which falls squarely within the range of ratios district courts in this circuit have approved in document-intensive cases. Thus, the court finds that 12.2 hours of preparation time for Mr. Fox's seven-hour deposition was neither manifestly unjust or unreasonable. *See Gwin*, 482 F.3d at 975 (7th Cir. 2007).

*Travel Time*

Also in dispute is compensation of Mr. Fox's travel time to and from the deposition and to and from the meeting with Relator's attorneys in preparation for the depostion. Mr. Fox charged

---

[1] Counsel for CDW-G has on multiple occasions complained to this Court about the volume of discovery requested by Relator. *See Defendant CDW Government, Inc.'s Opposition to Relator's Motion to Compel Production of Electronically Stored Information in Usable Form*, Court's Doc. 150, filed January 3, 2011 (referring to "millions of sales transactions" and "extensive sales data" produced by CDW-G).

[2] *See* Fox Deposition, pps. 88-89; Doc. 262-5, pp. 15-16.

9.3 hours, including travel time, for the deposition (Doc. 262-1, p. 2).  The deposition spanned seven hours.  Thus, he seeks 2.3 hours of compensation for travel time.  It is not clear from Fox's invoice the actual amount of travel time he seeks reimbursement for regarding his pre-deposition meeting with Relator's attorneys because the charge for the meeting is identified as 3.7 hours, including travel time.  CDW-G does not challenge the $34.00 mileage charge.

Generally, the time an expert spends traveling to a deposition by the opposing party is compensable. *See Rock River Communications, Inc. v. Universal Music Group*, 276 F.R.D. 633 (C.D. Cal. 2011) ("Requiring deposing party to pay for expert's travel time encourages deposing party to correctly weigh overall cost and inconvenience of deposition, including expense of travel by the expert and both parties' counsel, and to best determine whether, and if so, where, to take deposition."); *see also Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004) (" 'reasonable fee' includes travel expenses and travel time" of expert); *Alvarado v. Oakland County*, Case No. 09-14312, 2011 WL 282683, at *2 (E.D. Mich. Jan. 26, 2011) (expert's travel time to and from the deposition and mileage in compensable).  Many courts, however, have limited compensation for travel to a reduced hourly rate. *See United States v. 1.604 Acres of Land*, 275 F.R.D. 234, 236 (E.D. Va. 2011) (allowing reimbursement for travel time at 50 percent of expert's hourly fee), *Mannarino v. United States*, 218 F.R.D. 372, 377 (E.D.N.Y 2003) (awarding compensation for travel at half expert's hourly rate); *Frederick v. Columbia University*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (reducing compensation by $200 per hour for expert's travel).

While the Court believes that Mr. Fox's time traveling to and from the deposition is compensable, the Court finds, based on the case law cited above, that charging Mr. Fox's hourly fee of $275 for time spent traveling is unreasonably high.  Because the Court cannot determine

the time Mr. Fox charged for travel for his meeting with Relator's attorneys, the Court will compromise by reducing the hourly fees CDW-G is required to pay the expert by 2.2 hours.

### CONCLUSION

Therefore, based on all the foregoing, it is hereby **ORDERED** that Relator Liotine's Motion to Compel Payment of Expert Fees is **GRANTED in part and DENIED in part**. It is **FURTHER ORDERED** that Defendant CDW-G will tender payment of $6,359.00 (23 hrs. x $275.00, plus $34.00 for mileage) to Relator's Counsel as satisfaction for the invoice of Relator's expert, Neal Fox. CDW-G shall make payment **within 30 days of the date of this order,** that is by **May 14, 2012**.

**IT IS HEREBY ORDERED.**

**DATED: April 13, 2012**

*[signature]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**