IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S.A. *ex rel.* JOE LIOTINE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: **3:05-cv-00033-DRH-PMF** |
| ) | |
| CDW-GOVERNMENT, INC., ) | |
| ) | |
| Defendant. ) | |

<u>**ORDER**</u>

**FRAZIER, Magistrate Judge:**

A discovery dispute conference was held on March 25, 2013. Attorneys Dale J. Aschemann and Robert M. Rice were in attendance for Relator Joe Liotine. Attorneys J. Andrew Jackson, David Y. Yang, and Troy A. Bozarth in attendance for Defendant CDW-G.

This case has settled for 7 million dollars. Relator's motions for attorney fees are pending before the Court. *See* Docs. 299, 301. CDW-G has filed its response. *See* Doc. 307. CDW-G has argued that Relator's requested attorney fees are unreasonable and should be significantly reduced. *See id*. Relator has presented an informal discovery request to CDW-G demanding production of for CDW-G counsel's billing records. Counsel for CDW-G has objected on grounds that the records are protected by various non-specified privilege and on relevance grounds. Objections overruled.

"The general rule is well established that information regarding a client's fees is not protected by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and client." *Matter of Witnesses Before The Special March 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984) (citation omitted). An exception to the general rule exists where "disclosure would in effect reveal confidential communications

1

between the attorney and client." *Id*. at 495.  CDW-G carries the burden of demonstrating that its billing records are privileged. *See United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991). CDW-G will have the opportunity to submit for *in camera* review any billing records it believes to be privileged.

Relator's request for CDW-G counsel's billing records appears reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1).  No one is arguing that is permissible for the Court to match arbitrarily the hourly rate that counsel for Realtor charges is entitled to, by direct reference, to what counsel for CDW-G charges its client. Counsel for Relator and CDW-G are similarly situated in many respects, most important of which is that they are both involved in the instant case in this district.  The number of hours that CDW-G billed its client with respect to particular events in this litigation is relevant for determining the reasonableness of Relator's attorney fees for the same events.  False Claims Act litigation is also a relatively specialized area of practice.  Thus, it is not difficult to see that CDW-G counsel's billing statements are relevant in rebuttal to what CDW-G claims are unreasonable attorney fee requests by Relator's counsel.  Although it is not dispositive of the instant dispute, it is noted that the Seventh Circuit has cited with approval "the letter and spirit of" a local rule of our sister-district that requires the respondent to a motion for attorney fees to produce its billing records in situations where the motion is opposed. *See Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) (citing Northern District of Illinois Local Rule 54.3(d)(5)).

CDW-G shall have until March 30, 2013 to produce any and all of its detailed billing statements concerning representation of CDW-G in this case to Relator.  Any detailed billing

statements that counsel for CDW-G believes contain confidential client communications shall be submitted for *in camera* inspection by March 30, 2013.

Counsel for Relator shall produce to CDW-G any and all of its fee agreements concerning representation of Relator, Joe Liotine, in this case to CDW-G by March 30, 2013. Any detailed billing statements that counsel for Relator believes contain confidential client communications shall be submitted for *in camera* inspection by March 30, 2013.

Submissions of materials for *in camera* review should not be accompanied by a memorandum in support. Rather, the claim of privilege shall be identified by highlighting the areas believed to be confidential and stating the privilege claimed along with a standard privilege log.

SO ORDERED.

DATED: March 25, 2013.

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE