IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
*ex rel.* **JOE LIOTINE, individually,**

**Plaintiff and Relator,**

**v.**

**CDW GOVERNMENT, INC.,**

**Defendant.**                                        No. 5-cv-00033-DRH-PMF

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

I.   Introduction

Pending before this Court is defendant CDW Government, Inc. ("CDW-G")'s objection (Doc. 311) to Magistrate Judge Philip Frazier's Order (Doc. 310) of March 25, 2013 regarding CDW-G's production of detailed billing statements concerning representation of relator, Joe Liotine. Liotine disputes CDW-G's objection. For the following reasons, the Court **DENIES** CDW-G's objection and **ORDERS** CDW-G to produce any and all of its detailed billing statements

concerning representation of CDW-G to Magistrate Judge Frazier for *in camera* inspection as preliminarily ordered.

This is a *qui tam* case with a long history before this Court. The original complaint was filed January 19, 2005 as a False Claims Act action under 31 U.S.C. § 3729, *et seq.* The Court notes the filings exceed 300 and continue on almost a daily basis. The issue presently before this Court is relator's motion for attorney fees (Doc. 301). Magistrate Judge Frazier ordered CDW-G to produce its billing statements from Dickstein Shapiro LLP to assist him in determining a reasonable award of attorney fees to relator. CDW-G objects, claiming that the information of defense counsel's rates is irrelevant to the resolution of relator's fee petition. CDW-G argues that Dickstein Shapiro's rates cannot be used as a benchmark by the Magistrate Judge to determine whether relator's counsel's fees are reasonable.

Defendant also objects to the Magistrate Judge's order to produce Dickstein Shapiro's billing records by arguing that the discovery period closed several months ago, and it will be prejudiced by the process that failed to reopen discovery for "fees litigation purposes."

Relator counters CDW-G's argument by pointing out that both parties' counsel performed work in the same case, at the same time, and on the same issues. Therefore, relator argues that defendant's counsel's fees will provide a context to Magistrate Judge Frazier in which to consider the proposed fees in relator's fee petition.

Additionally, relator emphasizes that defendant never objected to the Court's order requiring relator to submit fee petitions by March 12, 2013 (Doc. 298), nor raised any issue of formal discovery with Magistrate Judge Frazier. In fact, as relator points out, defendant sought an extension of time (Doc. 303), claiming it had to review a voluminous bill and would need additional time to do so, making its argument that it has been "prejudiced by the truncated process" a rather disingenuous claim.

## II.     Standard

United States Magistrate Judges are authorized to rule on all pretrial motions, subject to certain exceptions inapplicable here. 28 U.S.C. § 636; Fed. R. Civ. P. 72; SDIL–LR 72.1(a). If a magistrate judge has ruled on a non-dispositive matter, any party may, within 14 days after being served with a copy of the magistrate judge's order, file for reconsideration of that ruling by the district judge. *See* 28 U.S.C. § 636; SDIL–LR 73.1(a). When reviewing a magistrate judge's non-dispositive decision, the district judge asks only whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). In conducting such a review, district judges may only properly consider the evidence that was before the magistrate judge at the time the prior order was issued. If the district court allowed new evidence at this stage, it "would essentially be conducting an impermissible *de novo* review of the order." *SmithKlein Beecham Corp. v. Apotex Corp.*, 2000 WL 1310669, *3 (N.D. Ill.

Sept.13, 2000); see also Fed. R. Civ. P. 72(a); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 21475905, *4 (N.D. Ill. June 20, 2003).

Because the objection before this Court relates to a non-dispositive matter, Judge Frazier's Order will be reviewed for clear error.

### III.     Analysis

The benchmark for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate for an attorney by the number of hours reasonably expended. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The Court must consider "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* The standard is whether the fees are reasonable relative to the difficulty, stakes and outcome of the case. *Id.*

Defendant cites *Schlacher v. Law Offices of Philip J. Rotche & Assocs., P.C.*, to support its contention that the Seventh Circuit held the production of defense counsel's billing records was unnecessary when defendant's attorney's fees were irrelevant. 574 F.3d 852, 859 (7th Cir. 2009). However, unlike this case, in *Schlacher*, the case settled within three months of filing. Here, the case before this Court has lingered in this Court for over eight years. Hence, it is completely illogical to apply the Seventh Circuit's holding that the "defendant's attorney's fees were irrelevant in a case that had been resolved so quickly" to the facts of this case.

Here, the Court notes that this case presents complex legal issues covering almost a decade of litigation. The case represents numerous allegations of fraudulent activities against CDW-G on behalf of the United States, necessitating huge amounts of attorney hours on both sides as the case progressed. These activities dealt with discovery production and review, depositions, research, briefing, and travel time, just to denote a few. Moreover, the pending settlement of the case demonstrates the success obtained by the relator, as well as the public's interest in preventing Government overpayment and fraud.

Further, in reviewing Magistrate Judge Frazier's Order, there is nothing indicating that he intends to use Dickstein Shapiro's billing statements in order to recommend an identical award of fees to relator's counsel. The Court recognizes that Magistrate Judge Frazier merely wants to examine the Dickstein Shapiro billing records as a comparison tool as he conducts his analysis of relator's attorney's fee request. It is possible that Magistrate Judge Frazier will find the information of little use, but he must be afforded the opportunity to make that determination. Therefore, the Court finds that Magistrate Judge Frazier's Order is not clearly erroneous or contrary to the law, and **DENIES** CDW-G's objection to same.

### IV.   Conclusion

For the reasons stated above, defendant's objection to Magistrate Judge Frazier's Order to produce Dickstein Shapiro' detailed billing statements concerning its representation of CDW-G against relator is **DENIED.** The Court

previously ordered production of the records preliminarily (Doc. 324). The Court presumes that order has been or will be complied with, and it is affirmed for the reasons stated herein.

**IT IS SO ORDERED.**

Signed this 15th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.15
14:21:48 -05'00'

**Chief Judge
United States District Court**