IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S.A. *ex rel*. JOE LIOTINE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: **3:05-cv-00033-DRH-PMF** |
| | ) |
| CDW-GOVERNMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are CDW-Government, Incorporated's ("CDW-G") motion to strike Liotine's replies (Doc. 321) and motion for leave to file a sur-reply (Doc. 322). For the following reasons, CDW-G's (Doc. 321) motion to strike is denied and CDW-G's (Doc. 322) motion for leave to file a sur-reply is stricken.

CDW-G has filed a motion to strike the replies filed by Liotine on March 28, 2013. *See* Doc. 321. If this relief is not granted, CDW-G seeks to file what is essentially a sur-reply to Liotine's replies. *See* Doc. 322. Because Liotine supplemented its evidence in his reply, CDW-G argues that it would be prejudiced by not having an opportunity to file another response.

Each district court in federal system establishes its own outer-limits on motion practice. This district has established that, in most cases, a motion and a response to the motion, each no greater than 20 pages in length, is adequate to address the requested relief. *See* SDIL-LR 7.1. However, the Court will sometimes accept a reply-brief in "exceptional circumstances." *Id*. All briefing ends there. *See id*. (Under no circumstances will sur-reply briefs be accepted.).[1]

---

[1] In some extremely rare cases, the Court will permit a supplemental brief to be filed in accordance with Federal Rule of Appellate Procedure 28(j), which allows supplemental briefing if "pertinent and significant authorities come to a party's attention after the party's brief has been filed." FED. R. APP. P. 28(j).

1

It has not gone unnoticed that counsel for CDW-G has submitted a 25-page response to the motions for attorney fees with a large portion of the brief containing single-spaced argument. Counsel for CDW-G has submitted the excessive brief despite knowledge of the 20 page limit provided by Local Rule 7.1(d). Throughout this litigation, CDW-G has repeatedly requested leave to brief in excess of the 20-page limit (*see* Docs. 85, 208, 237) and objected when opposing counsel made similar requests (*see* Doc. 230). CDW-G's response brief is likely over 30 pages when the single-spaced text is converted. The Court will not strike the brief at this juncture because that relief has not been requested, and it would needlessly delay and increase the cost of this litigation.

With respect to the (Doc. 321) motion to strike, Liotine has identified the exceptional circumstances that warrant the filing of a reply brief. *See* Doc. 313 at 1 n.1. The undersigned agrees that the stated reasons are circumstances for which reply-briefing is routinely allowed, and disagrees with CDW-G's argument that it will be prejudiced if it is not able to file a sur-reply. Contrary to CDW-G's assertion, nothing raised in Liotine's reply briefs can be construed as a new argument. Liotine has not strayed outside the scope of what has been presented in the fee petition or the response.[2] The only thing adverse to CDW-G in this instance is precluding it from having the last word, something every attorney undoubtedly covets. However, there must be an ending point to briefing, and our Local Rules clearly establish that endpoint. As CDW-G is well aware, there is nothing out of the ordinary in our legal system about providing an opportunity to the party bearing the burden of proof to rebut evidence presented by the non-moving party. Furthermore, CDW-G will have an opportunity to object to anything it believes is

---

[2] The Helmer firm has submitted new evidence of attorney fees and costs related to this fee litigation. *See* Doc. 313. This is not exactly a new argument as CDW-G was previously made aware by the Helmer firm that it would file a reply brief seeking such fees and costs. *See* Doc. 300 at 5 n.6. CDW-G will be afforded an opportunity to object to the new evidence when a Report and Recommendation is filed on the motions for attorney fees.

overly prejudicial by virtue of the fee petitions being handled by Report and Recommendation. The (Doc. 321) motion to strike is denied.

The (Doc. 322) motion for leave to file a sur-reply begins by stating the reasons CDW-G believes that further briefing is warranted. It should have stopped there. Instead, CDW-G devotes 11 more pages to the 25-30 pages (5-10 more pages than the maximum number of pages permitted by Local Rule 7.1(d)) it filed with its response arguing the merits of the fee petition. It then attached nearly 200 pages of exhibits to its (Doc. 322) motion for leave to file. Nothing beyond page one of the (Doc. 322) motion should have been submitted by CDW-G at the time the motion was filed. Only when the Court determined that leave to file was appropriate should the additional information have been filed. As described above, this district court has established rules that explicitly tell litigants that the response and the reply (in some cases) is the endpoint to briefing in this district. *See* SDIL-LR 7.1. Despite this explicit instruction, counsel for CDW-G on two occasions inserted the additional briefing and evidence into its motions prior to the requested leave being granted. *See* Docs. 319, 322. The (Doc. 322) motion for leave to file a sur-reply is stricken in its entirety and will not be considered.[3]

**SO ORDERED.**

**DATED: May 17, 2013.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

---

[3] Perhaps counsel for CDW-G believed the (Doc. 322) motion for leave to file a sur-reply was a clever attempt to get more information than is permitted by our Local Rules before the Court. Counsel for CDW-G is reminded that by signing the documents it files with the Court, it certifies that the submitted document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* FED. R. CIV. P. 11.