IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

U.S.A. ex rel. JOE LIOTINE,

        Plaintiffs,

vs.

                                    No.   3:05-cv-00033-DRH-PMF

CDW-GOVERNMENT, INC.,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is defendant CDW Government Inc.'s ("CDW-G") emergency motion to stay execution of judgment pending appeal or, in the alternative, approve supersedeas bond (Doc. 339). The Court directed plaintiff and relator Joe Liotine ("Liotine") to respond (Doc. 344). For the following reasons, the Court **GRANTS** defendant's motion. The Court **STAYS** the execution of the judgment by supersedeas bond pending appeal.

## I.     BACKGROUND

On March 5, 2013, the United States and CDW-G settled its False Claims Act ("FCA") dispute for $7 million dollars.  At issue was conduct in connection with General Services Administration (GSA) Contract Number GS-35F-0195J.  The plaintiff's attorneys were directed to file a petition for attorney fees and did so on March 12, 2013 (Docs. 299, 301).  The parties then engaged in a discordant two-month back and forth regarding the fees and related discovery (*See* Docs. 302 to 335).   On May 17, 2013, Magistrate Judge Frazier issued a Report and Recommendations (the "Report") recommending an award of attorney's fees (Doc. 331).  CDW-G filed timely objections to the Report (Doc. 332), Liotine responded (Doc. 335), and CDW-G filed a reply (Doc. 335).

On September 25, 2013, the Court adopted the Report and granted Liotine's request for additional fees as follows:

1) The law firm of Helmer, Martins, Rice and Pophamco, L.P.A. ("Helmer firm") was awarded a lodestar amount of $2,005,692.25 and costs and expenses of $39,674.74.

2) The law firm of Aschemann Keller, L.L.C. ("Aschemann firm") was awarded a lodestar amount of $1,563,612.75 and costs and expenses of $72,675.52.

On October 9, 2013, CDW-G simultaneously appealed the Court's order and filed an emergency motion to stay execution of judgment pending appeal.  In the alternative, CDW-G requests that the Court enter an order staying the execution of

the Court's order by superseadeas bond in the total amount awarded, $3686,205.18, one year of interest, and $500 in costs. However, CDW-G argues that a bond is unnecessary given its strong financial position as supported by its quarterly report (Doc. 339-1).

In their response, Liotine's counsel requests immediate distribution of its costs and expenses ($72,675.52 for the Aschemann firm and $39.674.74 for the Helmer firm) because CDW did not object to them either in its objections to the Report or in its reply. Further, Liotine argues that in addition to CDW-G's proposed amounts, the bond should include an additional $100,000 as an estimate for the continued litigation of this issue. Liotine asserts that CDW-G's future solvency is the relevant question for the Court, and one that CDW-G cannot guarantee given the recent financial collapse and the shutdown of its largest customer, the Federal Government. Finally, Liotine argues that a secure bond is important given CDW-G's "scorched-earth approach" throughout this case.

## II.  DISCUSSION

Federal Rule of Civil Procedure 62(d) allows an appellant to stay a judgment by supersedeas bond. "The district court has the discretion to waive this requirement, but waiver is appropriate only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure [to] adequately secure the judgment." *In re Carlson,* 224 F.3d 716, 719

(7th Cir. 2000).

The Court finds that CDW-G satisfies the first prong of this test. CDW-G's quarterly report clearly indicates that it is financially solvent and will be able to satisfy the judgment if it is unsuccessful in its appeal (*See* Doc. 339-1). However, CDW-G fails the second prong. Both the pure number and the discordant content of CDW-G's briefing indicates that appellee's rights will be compromised by a failure to adequately secure the judgment.

The Federal Rules do not provide clear guidance as to the required amount of a supersedeas bond. *See* Fed. R. Civ. P. 62(d) advisory committee's note. Therefore, district courts around the country have adopted rules addressing the issue in a number of different ways. *See, e.g.*, E.D. Wis. Civ. L.R. 62; D.N.H. L.R. 62.1; N.D. Tex. L.R. 62.1. This Court has not adopted a particular practice or rule. CDW-G cites to Northern District of Illinois Local Rule 62.1 which allows the clerk of that Court to approve any bond in the amount of the judgment plus one year's interest at the rate provided in 28 U.S.C. § 1961 plus $500. The Court finds this method compelling and in line with the prevailing method across the country and in the Seventh Circuit. Therefore, the supersedeas bond will be in the full amount of judgment ($3,686,205.18), plus one year's interest, plus $500.00.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** defendant CDW-G's emergency motion to stay execution of judgment pending appeal or, in the alternative, approve

supersedeas bond. Upon receipt of the bond, the execution of judgment will be **STAYED** pending appeal. CDW-G shall post bond as set forth above with the Clerk of the Court on or before October 28, 2013 and execution of judgment will be stayed during that time.

**IT IS SO ORDERED.**

Signed this 12th day of October, 2013.

David R. Herndon
2013.10.12
21:29:29 -05'00'

**Chief Judge
United States District Court**