IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

U.S.A. ex rel. JOE LIOTINE,

        Plaintiffs,

vs.                                       No.   3:05-cv-00033-DRH-PMF

CDW-GOVERNMENT, INC.,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant CDW Government Inc.'s ("CDW-G") motion to set appellate record (Doc. 347). Plaintiff' and relator Joe Liotine ("Liotine") responded (Doc. 348) and CDW-G replied (Doc. 349). As a preliminary matter, CDW-G's reply is **STRIKEN** as not in compliance with Local Rule 7.1; the reply largely reiterates arguments already sufficiently briefed for the Court.[1] For the following reasons, the Court **GRANTS in part** and **DENIES in part** defendant's motion.

### I.    BACKGROUND

On March 5, 2013, the United States and CDW-G settled its False Claims Act ("FCA") dispute for $7 million dollars. At issue was conduct in connection with General Services Administration (GSA) Contract Number GS-35F-0195J. The plaintiff's attorneys were directed to file a petition for attorney fees and did so on

---

[1] Local Rule 7.1(g) states "**Reply briefs are not favored and should be filed only in exceptional circumstances.**" (Bold in original).

Page **1** of **6**

March 12, 2013 (Docs. 299, 301). The parties then engaged in a discordant two-month back and forth regarding the fees and related discovery (*See* Docs. 302 to 335). On May 17, 2013, Magistrate Judge Frazier issued a Report and Recommendations (the "Report") recommending an award of attorney's fees (Doc. 331). CDW-G filed timely objections to the Report (Doc. 332), Liotine responded (Doc. 335), and CDW-G filed a reply (Doc. 335).

On September 25, 2013, the Court adopted the Report and granted Liotine's request for additional fees as follows:

1) The law firm of Helmer, Martins, Rice and Pophamco, L.P.A. ("Helmer firm") was awarded a lodestar amount of $2,005,692.25 and costs and expenses of $39,674.74.

2) The law firm of Aschemann Keller, L.L.C. ("Aschemann firm") was awarded a lodestar amount of $1,563,612.75 and costs and expenses of $72,675.52.

CDW-G filed a timely notice of appeal to this Court's order and, on October 24, 2013, CDW-G filed a motion to set the appellate record pursuant to Seventh Circuit Rule 10(b) (Doc. 347). In its motion CDW-G argues that the appellate record should be set to those documents relevant to the attorney's fee and cost issue. Specifically, that the record be limited to Document Numbers 299-302, 304, 307, 310-16, 321-327, 330, 331-333, and 335-337. In support of its argument, CDW-G asserts that additional documentation is irrelevant and would include sealed documents with commercially sensitive information. CDW-G also requests that the Court supplement the record on appeal to include the billing

records it provided to Magistrate Judge Frazier and the Court *in camera*, and that the records remain *in camera*.

In their response, Liotine's counsel argues that CDW-G's true intention is to limit the record as to obscure "the history of its scorched-earth litigation." Liotine then addresses the sealed documents. The sealed documents in this case are as follows: sealed preliminary documents (Docs. 17-37) and Documents 59, 71, and 84. Liotine has no objection to the sealed preliminary documents being stricken from the record on appeal. As for Documents 71 and 84, Liotine argues that they were unsealed by the Court in its order resolving the motion to dismiss (Doc. 100).[2] Document 59, a motion for protective order, Liotine argues is essentially the same as the motion for protective order not filed under seal at Document 107 and should therefore unsealed. Liotine also argues that the fee records submitted by CDW-G *in camera* should be transmitted to the Seventh Circuit under seal but not *in camera*.

## II.  DISCUSSION

According to Federal Rule of Appellate Procedure 10(a) the record on appeal consists of "(1) the original papers and exhibits filed in the district court,; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted

---

[2] The language of the order reads in pertinent part: "The Court agrees with Plaintiff Relator that Defendant CDW-G has failed to show any cause for filing its Memorandum in Support (Doc. 71) and its Reply Memorandum (Doc. 84) under seal. Therefore, the Court will unseal the stated documents." (Doc. 100 at 4).

to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e). In this Circuit, "[a] motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike a matter from the record on the ground that it is not properly a part thereof shall be presented first to the district court." Seventh Circuit Rule 10(b); *see also Zimmerman v. Chicago Bd. of Trade*, 360 F.3d 612, 622 (7th Cir. 2004). Here there is no evidence that the documents CDW-G has requested be excluded from the record are not properly part thereof. Further, "[t]he parties should be sure that anything *conceivably* relevant to the issues on appeal is included in the record" and the Court finds that the entirety of the record is relevant for the appellate court's attorney's fees review. *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* at 97 (2012). Finally, while the parties stipulate to the striking of preliminary sealed documents 17 to 37, the Court concludes it does not have the authority to strike the documents as there is no evidence that they are not properly a part of the record. The Seventh Circuit may, however, choose not review these records at their discretion.

Records filed under seal must be transmitted under seal. Sealed records will be maintained under seal for 14 days to afford the parties time to file appropriate motions requesting that the documentation remain under seal. Seventh Cir. I.O.P. 10. As for document 71 and 84, the Court will again direct the Clerk to unseal them in accordance with this Court's September 29, 2009 order (Doc. 100). While this Court can only surmise document 59 has remained sealed

as an oversight, given how substantially similar it is to Document 107, the Court will not unseal it at this time but instead allow CDW-G to present its motion to the Circuit to maintain its seal. Therefore, the remaining sealed documents 17 to 37 and document 59 will be transmitted upon request under seal and CDW-G will be afforded the opportunity to present a motion to the Circuit Court requesting that they remain as such.

Finally, according to Seventh Circuit Rule 10(a), all exhibits received shall be transmitted upon request. While the Seventh Circuit Rules address documents filed under seal, no comparable section addresses documents filed *in camera*. The Court may, however glean some insight from Seventh Circuit Rule 10(f) regarding presentence reports. In that rule, the Seventh Circuit says that "[c]ounsel of record may not review the presentence report at the clerk's office but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge." It is common practice to submit such *in camera* documents to the Seventh Circuit *in camera*. Therefore, the Court finds that the documents submitted to Magistrate Judge Frazier and the Court *in camera* should be submitted as they were received, *in camera.*

### III. <u>CONCLUSION</u>

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendant CDW-G's motion to set appellate record (Doc. 347). The Clerk of the Court is **DIRECTED** to unseal documents 71 and 84. The Court will not strike any documents from the record on appeal. When the record on appeal is requested by

the Seventh Circuit, the Clerk of the Court is **DIRECTED** to transmit the remaining sealed documents 17 to 37 and 59 under seal. The Clerk of the Court is **FURTHER DIRECTED** to transmit the attorney's fees and cost records submitted to Magistrate Judge Frazier and this Court *in camera* to the Seventh Circuit *in camera*.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2013.

David R. Herndon
2013.11.17
07:48:33 -06'00'

**Chief Judge**
**United States District Court**